IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PATRICIA GLENN WILLIAMS, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:24-cv-00193-JRG-RSP |
| v. | § § | |
| COMSTOCK OIL & GAS, LP *et al.*, | § § § | |
| *Defendants*. | § | |

## REPORT & RECOMMENDATION

Before the Court is the Motion to Dismiss for Lack of Jurisdiction filed by Defendants Comstock Oil & Gas, LP, Comstock Resources, Inc., Paula Hernandez, and Elizabeth Davis. **Dkt. No. 11**. The Court held a hearing to address the Motion on August 15, 2024. At the hearing, Plaintiff Patricia Glenn Williams pointed to Dkt. No. 12 as her opposition to the pending motion to dismiss.

Federal courts are courts of limited subject matter jurisdiction but have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). Diversity of citizenship exists when no plaintiff resides in the same state as any defendant. *See Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). "Reside" has been interpreted to mean more than to be temporarily living in the state; it means to be "domiciled" there. Thus, to be a citizen of a state within the meaning of the diversity statute, an individual must be a domiciliary of that state. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Diversity of citizenship must exist at the time the action is commenced. *Id*. at 248–49 (citing *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830 (1989)).

A change in domicile typically requires both: (1) a physical presence at the new location and (2) an intent to remain there indefinitely *Id*. at 250 (citing 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3613 (1984)). In determining a litigant's domicile, the court should look to all evidence shedding light on the litigant's intention to establish domicile. To aid it, the court looks at a variety of non-determinative factors, including the places where the litigant: (1) exercises civil and political rights; (2) pays taxes; (3) owns real and personal property; (4) has driver's and other licenses; (5) maintains bank accounts; (6) belongs to clubs and churches; (7) has places of business or employment; and (8) maintains a home for his family. *Id*. at 251 (citations omitted). The ultimate burden on the issue of jurisdiction rests with the party invoking federal jurisdiction. *Id*. at 250 (citations omitted); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A party may assert lack of subject-matter jurisdiction as a defense by motion. FED. R. CIV. P. 12(b)(1). This defense may be raised by either the parties or the court at any time. *See* FED. R. CIV. P. 12(h)(3). If the court determines it lacks subject-matter jurisdiction, it must dismiss the action. *Id*.

During the hearing, the Court sought to find any basis upon which subject matter jurisdiction can be found for this action. After review of the complaint, the record, and the arguments made during the hearing, the Court finds no apparent basis for subject matter jurisdiction.

Accordingly, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Jurisdiction be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 26th day of August, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE